IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LESLIE RAE YOUNG, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVE HEINEMAN, JON BRUNING, )<br>Governor of the State of Nebraska, in )<br>his official capacity, JOHN A. GALE, )<br>Secretary of State & Chairperson of the )<br>Nebraska Real Estate Commission and )<br>GREG LEMON, Director of the )<br>Nebraska Real Estate Commission, in )<br>their official capacities )<br>)<br>Defendants. ) | 4:10CV3147<br><br>TEMPORARY RESTRAINING<br>ORDER |

This matter is before the court on plaintiff Leslie Rae Young's motion for a temporary restraining order under Fed. R. Civ. P. 65, Filing No. 7. The plaintiff, a resident of California and licensed real estate broker in that state, owns and operates an Internet website that provides advertising services to individual homeowners. *See* Filing No. 1, Verified Complaint at 3 (Page ID # 3). She seeks an order restraining the defendants from enforcing Neb. Rev. Stat. § 81-885.03(2) with respect to the plaintiff, in particular, enjoining the enforcement of a Cease and Desist Order issued on July 20, 2010, that orders the plaintiff to cease and desist "from any and all conduct that requires a real estate broker's associate broker's or salesperson's license in the State of Nebraska." *See* Filing No. 7, Motion at 1-2; Filing No. 12, Index of Evidence (Evid.), Exhibit (Ex.) 2, Cease and Desist Order at 1-2 (Page ID # 113-14).

The Cease and Desist Order indicates that "[t]he Nebraska Real Estate Commission has obtained documentation indicating that you continue to advertise for sale, real property

in the State of Nebraska on Realtor.com, without having first secured a Nebraska real estate broker's license," in violation of amendments to the Nebraska Real Estate License Act that took effect on July 15, 2010.  Filing No. 12, Ex. 2, Cease and Desist Order at 1 (Page ID # 113); *see also* Neb. Rev. Stat. § 81-885.03.  The Cease and Desist Order further provides:

> Any continued violation of the Neb. Rev. Stat. will require this office to resort to remedies as provided for by law, which may include referring the matter to the District Attorney for criminal prosecution, or filing an injunction action in District Court. Additionally, Legislative Bill 691, which became effective July 15, 2010, provides that this Cease and Desist Order shall become final ten (10) days after issuance unless the violator requests a hearing. If such person violates the Cease and Desist Order, he or she shall be subject to further proceeding before the commission, and if the commission makes a finding of guilt, the commission may impose a fine not to exceed (a) $1,000.00 for each day that any action is performed without the appropriate license following issuance of the Order or, (b) the amount of money earned as commission by the violator, whichever is greater.

Filing No. 12, Ex. 2, Cease and Desist Order at 1 (Page ID # 113).  The plaintiff has shown by sworn declaration that immediate and irreparable injury, loss, or damage to the plaintiff will result to the plaintiff before the adverse party can be heard in opposition.  See Filing No. 12, Index of Evid., Ex. 1, Sworn Declaration of Leslie Rae Young at 2 (Page ID # 86).  She has shown that "if the cease and desist order becomes final and the Nebraska Real Estate Commission issues civil penalties against [her], having the matter reported to the California Real Estate Commission" would adversely impact her California license and her ability to earn a living.  *Id.* at 2-3 (Page ID # 85-86).  The record shows that the adverse parties were provided notice of the filing of the verified complaint and motion for temporary restraining order through the court's electronic filing system on July 29, 2010.  See Filing No. 1, Verified Complaint at 18 (Certificate of Service) (Page ID # 18); Filing No. 9, Notice (Page ID # 74-76); Filing No. 10, Notice (Page ID # 77 -79).

Based on the verified complaint, sworn declaration, and the exhibits submitted in support of the motion, the court finds that the plaintiff has shown that she will suffer irreparable injury in that, under the statute, the Cease and Desist Order will become final on July 30, 2010, exposing her to liability for fines and sanctions. The plaintiff has presented a colorable challenge to the constitutionality of Neb. Rev. Stat. § 81-885.03, as amended. The court further finds that the issuance of a temporary restraining order of short duration, pending a hearing on the plaintiff's motion for preliminary injunction, will not unduly harm or inconvenience the defendants.

In compliance with Fed. R. Civ. P. 65(b)(2), this order will expire fourteen days from the date and time of this order. Under Fed. R. Civ. P. 65(b)(2)(3), the court will hold a hearing on the plaintiff's motion for a preliminary injunction on Tuesday, August 3, 2010 at 9:00 a.m.

THEREFORE, IT IS ORDERED:

1. Plaintiff's Motion for a Temporary Restraining Order is granted;

2. The defendants are restrained from taking any further action to enforce Nebraska Revised Statute § 81-885.03 or the July 20, 2010, Cease and Desist Order against Plaintiff Leslie Rae Young, pending further ruling from the court on the merits of the plaintiff's claim for declaratory and injunctive relief;

3. A hearing on the plaintiff's motion for preliminary injunction will be held on August 3, 2010, at 9:00 a.m. Counsel may appear by telephone.

DATED this 29th day of July, 2010, at 5:00 p.m.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge