IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LESLIE RAE YOUNG,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>PETE RICKETTS, Governor of the State of Nebraska, in his official capacity; DOUG PETERSON, Attorney General of Nebraska, in his official capacity; JOHN A. GALE, Secretary of State & Chairperson of the Nebraska Real Estate Commission, in their official capacities; GREG LEMON, Director of the Nebraska Real Estate Commission, in their official capacities; AL AVERY, in their official capacities as members of the Nebraska Real Estate Commission; DREW STANGE, in their official capacities as members of the Nebraska Real Estate Commission; VINCENT LEISEY, in their official capacities as members of the Nebraska Real Estate Commission; ROBERT DOVER, in their official capacities as members of the Nebraska Real Estate Commission; KATHRYN ROUCH, in their official capacities as members of the Nebraska Real Estate Commission; DAVID PTAK, in their official capacities as members of the Nebraska Real Estate Commission;<br><br>　　　　　Defendants. | 4:10CV3147<br><br>MEMORANDUM AND ORDER |

　　　　This matter is before the Court on the plaintiff's motion to reconsider, Filing No. 173. Plaintiff contends the Court should reconsider its ruling, Filing No. 171, wherein the Court found the plaintiff violated the Nebraska Real Estate License Act, Neb. Rev. Stat. § 81-885 (2010) et seq. ("the Act"). Plaintiff concedes that she violated the Act, but states the Court failed to address her constitutional First and Fourteenth Amendment claims.

　　　　A motion for a new trial or amendment of judgment under Fed R. Civ. P. 59 serves the limited function of allowing a court to correct manifest errors of law or fact or allowing a

party to present newly discovered evidence. *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 934-35 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.* Rule 59(e) "provides a means 'to support reconsideration [by the court] of matters properly encompassed in a decision on the merits.'" *Leonard v. Dorsey and Whitney, LLP*, 553 F.3d 609, 620 (8th Cir. 2009). Under rule 59(e), the court may reconsider issues previously before it, and generally may examine the correctness of the judgment itself. *Id.* Under Rule 60, relief from judgment is available under the catch-all provision of the rule, Fed. R. Civ. P. 60(b)(6), "'only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress.'" *Murphy v. Missouri Dept. of Corrections*, 506 F.3d 1111, 1117 (8th Cir. 2007) (quoting *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005)).

The Court clearly addressed these claims in its memorandum and order, finding that this is arguably not free speech, but is rather conduct regulation. See Filing No. 171, Memorandum and Order, p. 7, "B. Constitutional Issues"; pp. 6-16. The Court will not reconsider these findings.

THEREFORE, IT IS ORDERED THAT plaintiff's motion for reconsideration, Filing No. 173, is denied.

Dated this 8th day of April, 2015

BY THE COURT:

s/ Joseph F. Bataillon  
Senior United States District Judge